UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 17-49-DLB

UNITED STATES OF AMERICA                                              PLAINTIFF

V.          UNITED STATES'S RESPONSE TO
    CASTELLI'S § 2255 MOTION TO VACATE SENTENCE

MARIE ANTOINETTE CASTELLI                                              DEFENDANT

* * * * *

Castelli's 28 U.S.C. § 2255 motion to vacate her sentence should be denied. Castelli has failed to show that her sentence resulted from a "fundamental defect" in the proceedings resulting in a "complete miscarriage of justice or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Castelli has also failed to show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999). Finally, Castelli is unable to show that she received ineffective assistance of counsel or that she is actually innocent. *Bousley v. United States*, 523 U.S. 614, 615 (1998).

### STATEMENT OF THE CASE

Castelli pled guilty to a two-count Information, alleging Interstate Communication of Threats, in violation of 18 U.S.C. § 875. [R. 7: Plea Agreement.] Castelli negotiated a binding plea agreement, pursuant to Rule 11(C)(1)(C), in which the parties agreed to a

1

sentence of 90 months in prison, followed by 3 years of supervised release. [*Id*. at ¶5.] In her written plea agreement, Castelli admitted that, while living in Maysville, Kentucky, she "was an active member of an invitation-only Facebook group in which many members discussed their support for ISIS." [*Id.* at ¶3(c).] She also admitted posting a series of messages on the group's Facebook page that constituted threats to others and were posted for the purpose of issuing a threat or with knowledge that they would be so viewed. [*Id*. at ¶3(d), (e).]

Castelli was sentenced to the agreed-upon 90 months imprisonment and 3 years of supervised release. [R. 15: Judgment.] She has now filed a motion pursuant to 28 U.S.C. § 2255 to vacate her sentence. [R. 20: Motion to Vacate; R. 23: Memorandum in Support.]

## ARGUMENT

By its own terms, section 2255(a) provides a remedy for federal prisoners who claim that "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such a sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As a result, constitutional claims are generally cognizable under section 2255, as are some statutory claims. *Davis*, 417 U.S. at 342-43, 345. But "[not] every asserted error of [federal] law can be raised on a § 2255 motion." *Id*. at 346. Rather, section 2255 reaches only those non-constitutional and non-jurisdictional claims that allege a "'fundamental defect which inherently results in a

complete miscarriage of justice'" or "'present[ ] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id.*

Many of Castelli's claims do not meet this standard. For example, she alleges that: (1) she was subjected to "double jeopardy" because she was initially charged with one count of violating 18 U.S.C. § 875, but ultimately pled guilty to two counts,[1] (2) her freedoms of speech and religion were restricted, (3) counsel ignored her requests for a copy of the affidavit in support of a warrant that was issued and, when she finally did see it, it contained false information, and (4) her email access has been unduly restricted while incarcerated. [R. 23: Memorandum.][2] These allegations not only lack merit, but they are also not cognizable under section 2255. And even if they were, these alleged errors have been procedurally defaulted.[3]

---

[1] Castelli was initially indicted on September 8, 2016 for making an interstate threat and making a false statement, in case number 16-33-DLB. Those charges were dismissed in lieu of her plea to the two-count Information in case number 17-49-DLB.

[2] Castelli also makes conclusory allegations about the conditions of her pretrial confinement at the Campbell County jail, and that the FBI engaged in "other unreasonable harassment" of her. [R. 23: Memorandum in Support at 72, 74.] Again, these claims, on their face, are not cognizable claims under section 2255.

In addition, Castelli has failed to carry her burden of setting forth facts that entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief. *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735. A motion that merely states general conclusions of law without substantiating allegations with facts is legally insufficient. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (holding that if "claims are stated in the forms of conclusions without any allegations of fact in support thereof," a § 2255 motion is "legally insufficient").

[3] Any claim which could have been raised on direct appeal, but was not, is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). To obtain review, a petitioner must show that (1) she had good cause for not raising the claim earlier and would suffer "actual prejudice" if it were not now reviewed, or (2) she is actually innocent. *Id.* at 622; *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" a petitioner faces to excuse procedural default is "intentionally high ... , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Castelli has failed to meet her burden.

Castelli also claims that her attorney, James West, was ineffective because he: (1) failed to protect her from "slanderous accusations," and treated her as guilty until proven innocent, (2) was incompetent with computers; and (3) failed to request a shorter term of supervised release. [R. 20: Motion at 61, 63; R. 23: Memorandum at 72.] She also alleges that counsel failed to correct mis-information presented at sentencing and in her PSR, and ignored her draft motions to suppress. [*Id.*] As set forth more fully below, Castelli's claims are baseless.

In order to prevail on such a claim, Castelli bears the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's ineffectiveness prejudiced her defense so as to deprive her of her right to a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984). To warrant reversal of a conviction, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "Judicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir.

1984). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what [s]he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

Because a § 2255 petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland*, 466 U.S. at 697. And if a petitioner pleaded guilty, she cannot establish prejudice unless she proves that, but for counsel's misadvice, she would not have pleaded guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Conspicuously missing from Castelli's motion is any such allegation, much less proof. For that reason, alone, her motion should be denied.

Castelli complains that West "did not, or could not protect [her] from slanderous accusations prior to conviction/plea acceptance and during plea and sentencing hearing." [R. 20: Motion at Exhibit 1 at 61.] Castelli, herself, though appears to concede that West "could not" protect her from what she labels – but does not describe – as "slanderous accusations." This acknowledgement, therefore, undermines her claim that counsel's performance was, in any way, deficient. And even if it was, Castelli has failed to prove any resulting prejudice.

5

The same holds true with respect to several other claims raised by Castelli. For example, she complains that West treated her as "guilty till proven innocent," failed to correct mis-information presented at sentencing and in her PSR, and ignored her draft motions to suppress.[4] But she provides no factual – or legal – support for her allegations. Her failure to do so is fatal.

According to Castelli, West was so "incompent [sic] with computers" that he had to hire an expert, and did not allow her to talk to – or share exculpatory evidence with – the expert. [R. 23: Memorandum in Support at 72.] The crux of Castelli's claim seems to be that she had proof that the messages posted online (the messages she admitted posting during her guilty plea) were not made using her computer. [*Id.* "discovery search … prove my pc did not post."]

By pleading guilty, a petitioner waives all non-jurisdictional issues, including allegations of constitutional error, unless she entered a conditional plea and specifically reserved the right to raise such claims. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). For example, even if a petitioner could somehow show that the government

---

[4] "Trial strategy includes the decision not to file certain motions if, after investigation, [counsel decides that] doing so would not be necessary or advantageous." *United States v. Hinds*, 2 F. App'x 420, 423 (6th Cir. 2001). "[F]ailure to bring a meritless suppression motion cannot constitute ineffective assistance." *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (*quoting United States v. Tisdale*, 195 F.3d 70, 73-74 (2d Cir. 1999)). Even if counsel should have filed a suppression motion, a petitioner is not entitled to relief absent proof that the motion would have been successful. *Howard v. Bouchard*, 405 F.3d 459, 480 85 (6th Cir. 2005). Castelli has failed to identify what motions she wanted to counsel to file or prove that she would have prevailed.

6

would have been unable to prove her guilt at trial, that argument is moot; by pleading guilty, she waived his right to challenge the sufficiency of the evidence for her conviction. Review of any challenge to a conviction obtained via a guilty plea is "ordinarily confined to whether the ... plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Castelli's attempt to revisit the proof of her guilt – at this stage of the proceedings – is prohibited.

Alternatively, according to counsel, even though "Ms. Castelli did not speak to the computer expert, [he] understood her claim and adequately addressed it through [his] defense of the case." *See* Attached Affidavit of James M. West at ¶8. And despite Castelli's apparent claim to the contrary, it was counsel's reasoned estimation that "[t]he Government's evidence of the email being sent by Ms. Castelli was sufficient to convince [him] that it was in fact sent from her computer." *Id.* Under these circumstances, Castelli has failed to overcome both *Strickland* hurdles.

Castelli next claims that her term of "[s]upervised release is too long" and counsel mis-advised her that a 3-year term was "standard." [R. 23: Memorandum at 72.] Castelli, like many section 2255 petitioners, wrongly assumes that she would have received a more favorable plea agreement had counsel merely asked for it on her behalf. But the United States is not required to accept the terms proffered by any defendant. After all, criminal defendants have "no constitutional right to plea bargain," *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). In addition, and as noted by counsel, "Castelli agreed to a binding written plea agreement pursuant to 11(c)(1)(C) with a binding sentence and supervised release period. This was a negotiated plea agreement." *See*

7

Attached Affidavit of James M. West at ¶11. As a result, Castelli cannot establish that she was entitled to a plea agreement on her own terms or that counsel was ineffective for not requesting such.

Finally, Castelli makes a general allegation that she was "under duress and pressured to 'not raise any issues' and 'just to take' [the] 'plea of guilt' and threatened if [she] didn't 'the prosecution would most likely make more other charges against [her]." [R. 20: Motion at 56.] When a defendant challenges the validity of a plea, the representations of the defendant, her lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

The Court began the rearraignment by confirming with Castelli that she was voluntarily waiving her right to be indicted and was choosing, instead, to resolve her case by pleading guilty to an Information. [R. 28: Marie Castelli, TR (Rearraignment) at 107.] The Court then inquired whether she had been provided adequate representation, to which Castelli responded, "Yes, he's -- I don't like lawyers and judge and the system, but he's -- I don't like any lawyers, so it's not against him. He's pretty good for a lawyer." [*Id*. at 113.] She also acknowledged that West had done everything she had asked, including things that were not related to her case. [*Id*.]

The Court then reviewed the sentence – including a 3-year term of supervised release – that Castelli had agreed to. [*Id.* at 116-17.] When asked whether anyone had forced her to plead guilty, Castelli responded:

> I don't -- nobody forced me. I just felt pressured because if I don't, they would make new threats, and they just are out to get me, I feel. And I feel like if they can't get me with one charge, they'll just make another charge. They can't get me with that charge, they'll make another charge, another charge. I believe that the whole thing was a fishing expedition because the charge was before they even opened an investigation on me.

[*Id.* at 123.] The Court persisted:

> THE COURT: -- no one's forcing you to do this? …
> THE DEFENDANT: Yeah, of course.
> THE COURT: -- but you're making a conscious choice, are you not, today to enter this guilty plea to this information? Is that correct?
> THE DEFENDANT: Yes.
> THE COURT: Okay.
> THE DEFENDANT: I made a choice because what I -- what I truly believe, I don't think I can prove it, I actually honestly believe -- I don't remember exactly posting that thing. But the thing is, I've seen in their discovery, I've seen some evidence that showed me that my laptop did not post it at all. There's no evidence from the software –

[*Id.* at 124-25.] According to Castelli, she was "going to pursue it," but "changed her mind" and eventually "decide[d] to accept th[e] plea agreement." [*Id.* at 126.] Her allegations to the contrary now are, quite simply, hollow.

## CONCLUSION

Castelli's claims are insufficient to warrant relief under § 2255. Her motion should, therefore, be denied.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

9

|  |  |
|---|---|
| By: | /s/ Elaine K. Leonhard |
|  | Assistant United States Attorney |
|  | 207 Grandview Drive, Suite 400 |
|  | Ft. Mitchell, Kentucky 41017-2762 |
|  | (859) 652-7035 |
|  | Fax (859) 655-3211 |

## **CERTIFICATE OF SERVICE**

On June 3, 2019, I electronically filed this document by using the CM/ECF system, and I mailed a copy to:

Marie Antoinette Castelli
Register Number: 21105-032
FCI Aliceville
P.O. Box 4000
Aliceville, AL  35442
*Pro Se Defendant*

/s/ Elaine K. Leonhard
Assistant United States Attorney