UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO.:  2:17-cr-49-DLB-MAS

MARIE CASTELLI                                                                                          MOVANT

v.

UNITED STATES OF AMERICA                                                            RESPONDENT

---

### AFFIDAVIT OF JAMES M. WEST, ESQ.

---

After first being duly cautioned and sworn, James M. West, states as follows:

1. James M. West was appointed by the Court pursuant to the Criminal Justice Act to represent Marie Castelli in 17-CR-49.
2. I have been on the Covington Panel of CJA attorneys for approximately 14 years.
3. I have been a practicing attorney (civil and criminal defense) in the Commonwealth of Kentucky in good standing for almost 27 years (since October 1992).
4. It is my understanding that Marie Castelli has filed a 2255 Motion alleging ineffective assistance of counsel.
5. I have reviewed the Motion filed by Ms. Castelli and it appears she has multiple complaints which she labeled "Ground 1- Ground 6".
6. With respect to "Ground 1", Ms. Castelli complains that I failed to "protect her from the slanderous accusations of the prosecutor". It is difficult to determine exactly what she believes I failed to do on her behalf. It appears she is continuing to profess her innocence "freedom of speech" but the evidence of her communicating a threat that is the basis for the charge and conviction was ample.
7. With respect to "Ground 2", Ms. Castelli failed to list any allegations.
8. With respect to "Ground 3", Ms. Castelli complains that I did not let her speak with the computer expert. While it is true that Ms. Castelli did not speak to the computer expert, I understood her claim and adequately addressed it through my defense of the case. The Government's evidence of the email being sent by Ms. Castelli was sufficient to convince me that it was in fact sent from her computer.
9. With respect to "Ground 4", Ms. Castelli complains that the Government acted intentionally reckless in the seizure and interrogation of her. This complaint does not relate directly to my defense other than she says I ignored her requests for "attachment A". With respect to her requests, I had frequent contact with Ms. Castelli and always did my best to make sure she had all available discovery for review. We even went so far as to make a computer available for her to review the discovery and mirrored images of her hard drives. Needless to say I am

confident that I provided her with adequate documentation of the discovery and search warrants, including but not limited to "Attachment a".
10. With respect to "Ground 5", Ms. Castelli complains that the Government has imposed overly broad email restrictions on her. Since this does not relate to an ineffective assistance of counsel claim I will not address it.
11. With respect to "Ground 6", Ms. Castelli complains that I failed to argue for a lower supervised release period. Ms. Castelli agreed to a binding written plea agreement pursuant to 11(c)(1)(C) with a binding sentence and supervised release period. This was a negotiated plea agreement.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JAMES M. WEST

**COMMONWEALTH OF KENTUCKY**
**COUNTY OF** Kenton

Subscribed and sworn to before me, a Notary Public, by James M. West, this 3rd day of June, 2019.

_____
Notary Public
Notary ID # 582083
My Commission Expires: 7/1/21

```
JENNIFER L. LAYTART
NOTARY PUBLIC
ID# 582083
STATE AT LARGE
KENTUCKY
MY COMMISSION EXPIRES JULY 1, 2021
```

2